IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOEL MILES WHITE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>16TH DISTRICT COURT; MIKE FERRITER, DOC DIRECTOR; LISA GRADY, COLLECTIONS MGR.; SAM LAW, WARDEN, CCC/CCA,<br><br>　　　　　Defendants. | Cause No. CV 09-165-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

Currently pending is Plaintiff Joel Miles White's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint. (Court Doc. 2).

I.  STATEMENT OF CASE

　　A.　Parties

White is a state prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana.

White names the 16th District Court; Mike Ferriter, Director of the Department of Corrections; Lisa Grady, Collections Manager; Sam Law, Warden of Crossroads Correctional Center; and Mike Mahoney, Warden of Montana State Prison as Defendants.

B.   Allegations

White alleges that on February 3, 2009 he received a Tribal disbursement check from the Bureau of Indian Affairs.  Lisa Grady, Collections Manager for the Montana Department of Corrections and the Accounting Department of Shelby, Montana withheld the amount of $165.21 for the purpose of restitution.  White alleges there has never been any documentation provided to give authority for the taking of these funds, no right to due process was followed to allow him to redress this issue.  He states individuals knowingly and falsely presented false documentation to an officer or employee of the United States Government for a false or fraudulent claim against his inmate funds.

C.   Supporting Documentation

White submitted a number of documents to his Complaint which shed further light on his allegations.  See Fed.R.Civ.P. 10(c)(an exhibit to

a pleading is a part of the pleading for all purposes).

First, he submits a April 24, 2009 Inmate Grievance Form in which he complains to the prison that the revenue he received was from the U.S. Treasury for an Indian Allotment which is not covered by the Montana Statute provided by the DOC. He complains he was not subject to the Mandatory Victims Restitution Act as he was convicted in 1994 and the MVRA was enacted in 1996. He requested his funds be returned. The grievance was denied on April 28, 2009. (Court Doc. 2-1, p. 1).

On June 9, 2009, White filed a Motion to Dismiss the restitution being withheld from his inmate account in state district court arguing his restitution order expired five years from January 12, 1994 (when he was convicted) and he did not fall under the Mandatory Victims Restitutions Act of 1996. (Court Doc. 2-1, p. 2).

On August 6, 2009, the Sixteenth Judicial District Court for Rosebud County issued an Order to Deny the Motion for Return of Moneys Garnished. The district court found White's argument that the DOC had an obligation to collect his restitution obligation within five years unpersuasive and denied the motion. (Court Doc. 2-1, pp. 9-10).

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT-CV-09-00165-BLG-RFC-CSO / PAGE 3

White did not appeal the state district court's order but on August 18, 2009, he filed a Writ of Mandamus/Supervisory Control with the Montana Supreme Court seeking an order compelling the district court to address the issues he presented. (Court Doc. 2-1, pp. 11-16). On October 7, 2009, the Montana Supreme Court issued an Order denying the Writ. The Supreme Court dismissed what they had construed as a petition for habeas corpus for failure to satisfy the particulars of M.R.App.P. 14(3) stating, "White has failed to establish the existence of threshold requirements of Rule 14(3), to authorize us to exercise original jurisdiction. While White makes legal arguments, he has failed to establish that a mistake of law is causing a gross injustice, or that a regular appeal would afford an inadequate remedy." (Court Doc. 2-1, p. 21). White's petition for rehearing was denied November 17, 2009.

White filed his Complaint in this Court on December 22, 2009. (Court Doc. 2).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C.

§ 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). White's Complaint is frivolous because his claims are barred by res judicata and the Rooker-Feldman doctrine. Therefore his motion to proceed in forma pauperis should be denied.

The doctrine of res judicata provides that a final judgment on the

merits bars a subsequent action between the same parties over the same cause of action.  See In re Imperial Corp. of America, 92 F.3d 1503, 1506 (9th Cir. 1996).  "[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or <u>could have been raised in that action</u>."  Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (emphasis added).  Res judicata bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies.  Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).

    White is raising the same claims he brought in state court for which the state district court reached a final judgment on the merits.  (Court Doc. 2-1, pp. 9-10).  Even if White is attempting to raise different claims regarding this same issue, res judicata/claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties  . . .  on the same cause of action."  Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980); see also San Remo Hotel, L.P. v. City and County of San Francisco, Cal., 545 U.S. 323, 336, 125

S.Ct. 2491, 2500, n. 16 (2005).

Furthermore, White cannot appeal the decisions of the state district court or the Montana Supreme Court to this Court.  The Rooker-Feldman doctrine requires the dismissal of a complaint for lack of subject-matter jurisdiction if it is a de facto appeal from a state court decision.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  "The basic premise of Rooker-Feldman is that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'"  Maldonado v. Harris, 370 F.3d 945, 949 (9th Cir. 2004) (citing Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003)).  This doctrine "recognizes the implicit statutory structure established by Congress, which has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts."  Maldonado, 370 F.3d at 949.

III. CONCLUSION

White's claims are barred by the doctrine of res judicata and the

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS
COMPLAINT-CV-09-00165-BLG-RFC-CSO / PAGE 7

Rooker-Feldman doctrine. These are not defects which could be cured by amendment. Accordingly, White's Motion to Proceed in Forma Pauperis should be denied and his Complaint dismissed as frivolous.

A.     "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing civil actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because an action barred by res judicata can be dismissed as frivolous under 28 U.S.C. § 1915. Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

B.     Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>     (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in

writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous.  The finding that White's allegations are barred by res judicata and by the Rooker-Feldman doctrine is so clear no reasonable person could suppose an appeal would have merit.  Therefore, this Court should certify that any

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS
COMPLAINT-CV-09-00165-BLG-RFC-CSO / PAGE 9

appeal of this matter would not be taken in good faith.

   C.  Change of Address

At all times during the pendency of this action, White SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if White has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

   Accordingly, the Court issues the following:

RECOMMENDATION

   1.  White's Motion to Proceed in Forma Pauperis should be DENIED and his Complaint should be DISMISSED as being barred by res judicata and the Rooker-Feldman doctrine.

   2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT-CV-09-00165-BLG-RFC-CSO / PAGE 10

Rules of Civil Procedure.

    3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). White's claims are frivolous as they are barred by res judicata and the Rooker-Feldman doctrine.

    4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The res judicata and Rooker-Feldman bars in this matter are so clear no reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint is frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), White may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS
COMPLAINT-CV-09-00165-BLG-RFC-CSO / PAGE 11

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This is not an appealable order and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of January, 2010.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge